**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4136**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KIMBERLIE L. FLEMINGS,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (3:18-cr-00096-RJC-DSC-2)

Submitted: October 27, 2021                                    Decided: November 16, 2021

Before NIEMEYER, AGEE, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Noell P. Tin, TIN FULTON WALKER & OWEN, PLLC, Charlotte, North Carolina, for Appellant. R. Andrew Murray, United States Attorney, Amy E. Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After a grand jury indicted Kimberlie L. Flemings and two coconspirators for numerous counts of fraud, a jury found her guilty of one count of conspiracy to commit wire fraud and bank fraud, in violation of 18 U.S.C. § 1349; one count of wire fraud affecting financial institutions, in violation of 18 U.S.C. § 1343; and eight counts of financial institution fraud, in violation of 18 U.S.C. § 1344(2). The district court sentenced Flemings to concurrent 57-month terms of imprisonment, which were within the Sentencing Guidelines range calculated by the district court. Flemings' two coconspirators pleaded guilty and received sentences of 18 and 15 months. On appeal, Flemings asserts that her sentence is both procedurally[*] and substantively unreasonable. We affirm.

"We review the reasonableness of a sentence under 18 U.S.C. § 3553(a) using an abuse-of-discretion standard, regardless of 'whether [the sentence is] inside, just outside, or significantly outside the Guidelines range.'" *United States v. Nance*, 957 F.3d 204, 212 (4th Cir.) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)), *cert. denied*, 141 S. Ct. 687 (2020). This court first considers "whether the district court committed any procedural error, such as improperly calculating the Guidelines range, failing to consider the [18 U.S.C.] § 3553(a) factors, or failing to adequately explain the chosen sentence." *Id.* "If the Court finds no significant procedural error, it then considers the substantive

_____

[*] Although the Government asserts that Flemings does not adequately set forth her procedural unreasonableness argument and, therefore, has waived appellate review, this court must review sentences for procedural reasonableness even when an appellant does not raise the issue. *United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019).

2

reasonableness of the sentence imposed." *United States v. Arbaugh*, 951 F.3d 167, 172 (4th Cir.) (brackets and internal quotation marks omitted), *cert. denied*, 141 S. Ct. 382 (2020).

Flemings contends that her sentence is procedurally unreasonable because the district court did not apply a mitigating role adjustment in light of the dearth of evidence about Flemings' exact pecuniary gain. *See* U.S. Sentencing Guidelines Manual § 3B1.2 (2018). The Government asserts that, because Flemings did not explicitly request a § 3B1.2 adjustment at sentencing, review should be for plain error. *See United States v. Lynn*, 592 F.3d 572, 577 (4th Cir. 2010) ("[T]he rigorous plain-error standard applies to unpreserved claims of procedural sentencing error."). Under either the plain-error standard or the abuse-of-discretion standard, Flemings is not entitled to relief.

A defendant should only receive a minor role adjustment when the defendant is "substantially less culpable than the *average participant in the criminal activity*." USSG § 3B1.2 cmt. n.3(C) (emphasis added) (discussing factors courts consider in determining whether the totality of the circumstances supports the reduction). "[A] defendant who is accountable under [USSG] § 1B1.3 for a loss amount under § 2B1.1 (Theft, Property Destruction, and Fraud) that greatly exceeds the defendant's personal gain from a fraud offense or who had limited knowledge of the scope of the scheme may receive an adjustment." USSG § 3B1.2 cmt. n.3(A). Comparing Flemings' and her coconspirators' participation in the conspiracy, Flemings was not substantially less culpable than her cohorts. Although it is clear from the record that proceeds were distributed to Flemings, trial testimony from a Government expert witness and one of Flemings' coconspirators

3

could not establish the amount of proceeds Flemings received from the fraudulent loan scheme. This lack of clarity does not entitle Flemings to a mitigating role adjustment. And the district court otherwise properly calculated the Guidelines range and sufficiently explained the sentence, so we conclude that Flemings' sentence is procedurally reasonable.

"When considering the substantive reasonableness of a prison term, we examine the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3353(a)." *Arbaugh*, 951 F.3d at 176 (brackets and internal quotation marks omitted); *see also Gall*, 552 U.S. at 59-60 (recognizing that appellate court must "give[] due deference to the [d]istrict [c]ourt's reasoned and reasonable decision that the § 3553(a) factors, on the whole, justified the sentence"). This court presumes that a sentence within or below the Guidelines range is substantively reasonable. *United States v. Zelaya*, 908 F.3d 920, 930 (4th Cir. 2018). A defendant can only rebut the presumption "by showing that the sentence is unreasonable when measured against the . . . § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

Flemings contends that her sentence is substantively unreasonable because she received an unreasonably disparate sentence when compared to her coconspirators' sentences. *See* 18 U.S.C. § 3553(a)(6). But Flemings' argument finds no support in our precedent. Section 3553(a)(6) is not directed at disparate sentences between coconspirators but at sentencing disparities nationwide. *United States v. Pyles*, 482 F.3d 282, 290 (4th Cir. 2007) ("[T]he kind of disparity with which § 3553(a)(6) is concerned is an unjustified difference across judges (or districts) rather than among defendants to a single case."

4

(internal quotation marks omitted)), *vacated on other grounds*, 552 U.S. 1089 (2008); *United States v. Withers*, 100 F.3d 1142, 1149 (4th Cir. 1996) ("To base a defendant's sentence on a co-conspirator's sentence is a short-sighted approach which ignores the Guidelines' attempt to eliminate unwarranted sentencing disparities nationwide."). Additionally, individuals who go to trial and individuals who plead guilty are not similarly situated for sentencing purposes. *United States v. Susi*, 674 F.3d 278, 288 (4th Cir. 2012).

Flemings also claims that the district court's decision to sentence her more harshly than her coconspirators by imposing a within-Guidelines sentence was mainly motivated by a desire to punish her for going to trial. We conclude that this claim is baseless. "A defendant's right to due process requires that there be no vindictiveness against [her] for having chosen to exercise [her] constitutional right[] [to trial]." *Id.* at 286 (quoting *United States v. Perry*, 335 F.3d 316, 323–24 (4th Cir. 2003)). In fashioning the chosen sentence, the district court relied on facts tailored to the § 3553(a) factors and made no mention of Flemings' choice to go to trial, other than acknowledging that Flemings did not receive a reduction for acceptance of responsibility like her coconspirators who pled guilty. Flemings therefore has not overcome the presumption of reasonableness afforded within-Guidelines sentences.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

5